## ESTATE OF HENRY W. HALLECK.

### No. 4615—June 16, 1873.

CLAIM AGAINST ESTATE OF EXECUTOR not *contingent*, but absolute upon Executor's death. If not presented within the ten months, it is barred.

OPPOSITION TO DISTRIBUTION must state that there is a liability, unsatisfied, of a certain and definite amount or nature. It is insufficient to allege that there are unsettled accounts between the deceased Executor and his trusts; it is material that on the settlement of such accounts, there is a balance *due* from the Executor to his trust.

Construing section, C. C. P., 1493; affirmed, 49 Cal., 111.

*R. W. Hent,* for creditors of the Folsom Estate.

*W. P. C. Whiting,* for admr. of an heir of Folsom.

*C. Bartlett,* for Mrs. Halleck.

*Selden S. Wright,* for infant son of Halleck.

This is on proceeding for the settlement and distribution, according to the will, of the estate of General H. W. Halleck, late of the U. S. A. The usual statutory proceedings for administration have been had, notice to creditors has been given, and the time for presentation of claims has expired, all claims presented have been paid, and the estate is now ready for distribution, unless the distribution should be postponed for the reasons hereinafter stated.

The estate of J. L. Folsom, deceased, has been pending in this Court some nineteen years, and is still unsettled. General Halleck was, until his death, one of the executors of the will of Folsom. Claims against the estate of Folsom were allowed and approved, which, with the interest, amount to large sums, and are still unpaid. The creditors of the Folsom estate now claim that they, as such, have contingent claims against the Halleck estate, alleging maladministration by Halleck of the Folsom estate; that they have the right to present the same at any time before distribution, notwithstanding ten months have elapsed; and that the distribution of the Halleck Estate should be deferred until an investigation can be had and the amount of the liability of the Halleck estate to the creditors of the Folsom estate can be ascertained.

Mr. BARTLETT—Being a creditor of the Folsom estate does not make a person interested in the Halleck estate. Upon the death of Halleck, the trust of the executors remained, and the surviving executors must complete the administration. If General Halleck was a defaulter to the Folsom estate, his sureties were able to respond, he having given security in $12,000,000. A claim against the Folsom estate was not a contingent claim against the Halleck estate. Neither Halleck nor his executors had undertaken to pay the Folsom debts; the obligation was to administer the estate faithfully for the benefit of all concerned. The opposition merely allege that Halleck's accounts were unsettled. That is insufficient. It must go further, and allege that Halleck had wasted the estate, and give particulars. The Court cannot presume that an executor has done an unlawful act. At this moment the Folsom estate is exhausted; it is largely insolvent. Much of the money never came to Halleck's hands; he is not responsible for the amounts received by his co-executors.

Mr. WHITING—The creditors of the Folsom estate have not been in a position until the present time to affix any liability upon the Halleck estate. There is no direct claim against the Halleck estate, but time is asked for the purpose of examining the final account and in order to press a contingent claim. Until the presentation of the final account there had been no opportunity to take action.

The COURT—Upon whom rested the burden of presenting an account in the Folsom estate? Did it rest upon the executor of the executor? Though the law was different in England, in this State a person is not an executor of an executor. Can an executor of the Halleck estate be compelled to file the accounts of Halleck as executor of the Folsom estate?

Mr. WHITING did not know that they could compel the executor to account, but it is his duty to ascertain the liability. There is no allegation of malfeasance, but the responsibility of the duty is admitted.

The Court—Is the burden on the executor of the Halleck estate to show that there is no liability from it to the Folsom estate, or is the burden upon those who are interested in the Folsom estate to show that the Halleck estate is and should be held to be liable to the Folsom estate?

Mr. Whiting—Undoubtedly the burden is upon the Folsom estate, but heretofore the parties have not been in a position to take action.

Judge Wright—The opposition has no standing in Court. Annual accounts in the Halleck estate had been presented; to these there had been no objection; the settlements therefore operated conclusively against all persons who ought to have opposed them.

Mr. Hent—The annual accounts are not to be taken as conclusive. They are simply credits and debits, and should not contain the property of the deceased. Our petition states that on account of waste or mal-administration, the estate of Halleck is liable to the creditors and heirs of the Folsom estate in a large sum of money, the amount of which it is now and will be impossible to ascertain until the accounts of Halleck as executor have been presented and settled; that the estate of Halleck is not in a condition to be closed. The only way to ascertain the liabilities of Halleck was to ascertain his condition at the time of his death with reference to the Folsom estate; and how was that to be done except in the manner proposed?

The Court—The opponents are bound to show that an indebtedness exists from the Halleck estate to the Folsom estate. No facts are stated which would justify the conclusion that such indebtedness exists. Conclusions are stated, but not facts. The question for consideration here is, who are interested in the Halleck estate? The answer is, creditors and legatees. Are the opponents now here, creditors of the Halleck estate? If a claim is not presented within ten months from the first publication of the notice to creditors, it is barred forever, unless not then due or contingent.

The opponents claim that they have contingent claims against the estate of Halleck, arising thus: Halleck was co-executor of the estate of Folsom, and the claim is made on account of alleged mismanagement of the Folsom estate, extending over a period of seventeen years prior to Halleck's death. Now, if the executors had been guilty of any neglect amounting to mal-administration, this Court had been open during the entire period for an application to remove them. If Halleck and his co-executors were guilty of mal-administration, there was the direct liability of the surviving executors and the bondsmen of Halleck. Any liability of Halleck was full and complete at the time of his death. It was ascertained and determined then. The amount of his liability may not have been computed, but it was ascertained and determined, in this, that no act by any person could increase or enlarge his liability. There is a time within which creditors must present their claims, and if a person comes even one hour after the time, his claim is barred. If he do not present his claim within the time, he alone is at fault. If Halleck at his death was indebted to the Folsom estate, the surviving executors were the persons to present the claim; they could be required to do so or be removed. It is not the fault of the executors of the Halleck estate that no action was had. The claims now urged are not contingent. A contingent claim is one depending upon something thereafter to happen. There was nothing to happen after the death of Halleck to fix the liability of his estate, except the presentation of the claim.

As no claim has been presented for allowance and approval, the application to postpone the settlement and distribution of the Halleck estate must be denied, and the estate distributed.